FILED
DEC -3 2019
Clerk, U.S. District and
Bankruptcy Courts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AZAEL DYTHIAN PERALES, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No.: 1:19-cv-03315 (UNA) |
| FEDERAL BUREAU OF INVESTIGATION, *et al.*, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

This matter is before the court on its initial review of plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis*. The court will grant the *in forma pauperis* application and dismiss the case pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), by which the court is required to dismiss a case if it determines that the action is frivolous.

"A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint that lacks "an arguable basis either in law or in fact" is frivolous, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and a "complaint plainly abusive of the judicial process is properly typed malicious," *Crisafi v. Holland*, 655 F.2d 1305, 1309 (D.C. Cir. 1981).

Plaintiff sues approximately 48 defendants, ranging from federal agencies, judges, and officials, however, most of the intended defendants cannot even be understood. The prolix complaint totals 50 pages. The majority of the complaint is incomprehensible. Plaintiff alleges that he and "every U.S. Citizen" are being surveilled through various channels and that defendants

1

are engaged in "human brain implanting, interrupting and capturing all thoughts that go through the human brain[,] triggering depressive type psychosis among other life threatening forms of paranoia, delusions[, and] mental and physical ailments." He further alleges that defendants are "spying" on him in "all fifty states, including business[es], private homes, streets, public arenas, churches, schools, all restrooms[,] and any and all establishments throughout the United States without a court order." He demands that the court "disconnect power to all Defendants['] facilities, satellites, computers, phone lines and power lines[.]" While plaintiff recites countless legal authority, any substantive claims or issues involving defendants are unclear, as the complaint consists entirely of rambling and unconnected statements and allegations.

This court cannot exercise subject matter jurisdiction over a frivolous complaint. *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) ("Over the years, this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.' ") (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904)); *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009) (examining cases dismissed "for patent insubstantiality," including where the plaintiff allegedly "was subjected to a campaign of surveillance and harassment deriving from uncertain origins."). A court may dismiss a complaint as frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), or "postulat[e] events and circumstances of a wholly fanciful kind," *Crisafi*, 655 F.2d at 1307-08.

The instant complaint satisfies this standard. In addition to failing to state a claim for relief or to establish federal jurisdiction, the complaint is deemed frivolous and will be dismissed. Plaintiff's motion for temporary restraining order will be denied as moot. A separate order accompanies this memorandum opinion.

Date: November 27, 2019

United States District Judge